UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HARRIS MANAGEMENT, INC. and JJR ASSOCIATES, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Docket no. 2:14-cv-41-GZS |
| v. | )<br>) |
| PAUL COULOMBE, PGC1, LLC, and PGC2, LLC, | )<br>)<br>) |
| Defendants. | |

**ORDER ON MOTION FOR REMAND**

Before the Court is Plaintiffs Harris Management, Inc. and JJR Associates, LLC's (collectively "Harris") Motion for Remand (ECF No. 15). For the reasons briefly explained below, the Court GRANTS the Motion for Remand.

**I.     FACTUAL BACKGROUND**

The Court recites only those facts that are pertinent to the jurisdictional issue before it. This dispute arose regarding the sale and the management of the Boothbay Country Club and the sale of nearby property. Plaintiff Harris Management, Inc. is in the business of leasing and managing golf courses in the State of Maine and is in the business of providing golf and construction management services. (Complaint (ECF No. 1-1) ¶ 2.) Plaintiff JJR Associates, LLC owned property near the Boothbay Country Club. (Id. ¶ 35.) In early 2013, Defendant Paul Coulombe provided the capital to purchase the properties owned by JJR Associates, LLC as well as the Boothbay Country Club. (Id. ¶¶ 17, 35, 40.) On February 7, 2013, Defendant Coulombe, through Defendant PGC1, LLC, closed on the purchase of the properties owned by JJR Associates,

LLC. On that same date, Defendant Coulombe, through Defendant PGC2, LLC, closed on the Boothbay Country Club purchase. (Id. ¶ 45.)

After disagreement arose regarding the management of the Boothbay Country Club, Plaintiffs Harris Management, Inc. and JJR Associates, LLC filed a civil action in Sagadahoc County Superior Court for the State of Maine on January 8, 2014. (Complaint (ECF No. 1-1).) The causes of action pressed by Harris Management, Inc. and JJR Associates, LLC are limited to various state causes of action that do not present any basis for federal question jurisdiction.[1] Plaintiff Harris Management, LLC is a corporation formed under the laws of the State of Maine with its principal place of business in Bath, Maine. (Id. ¶ 1.) Plaintiff JJR Associates, LLC is a Maine limited liability company that is managed by Jason R. Harris, Jeff Harris and Richard Harris. (Id. ¶¶ 4, 5.) There is no dispute that all three members of JJR Associates, LLC are domiciled in Maine.

The Complaint names three defendants: (1) Paul Coulombe, (2) PGC1, LLC and (3) PGC2, LLC. Defendant Paul Coulombe is domiciled in the State of Florida. (Notice of Removal (ECF No. 1) at 2.) Defendants PGC1, LLC and PGC2, LLC are each limited liability companies. The sole member of PGC1, LLC and PGC2, LLC is TPI, LLC, which is also a limited liability company. (Id.) The sole member of TPI, LLC is the Paul G. Coulombe Trust, dated July 3, 2007 (the "Trust"). (Id.) The sole beneficiary of the Trust is Defendant Paul Coulombe, a Florida domiciliary. (Id.) The trustees of the Trust are Defendant Paul Coulombe and Geoffrey Alexander. There is no dispute that Geoffrey Alexander is domiciled in Maine.

On February 3, 2014, Defendants removed this case to federal court on the basis of diversity jurisdiction. (ECF No. 1). On February 18, 2014, Plaintiffs moved to remand this case,

---

[1] Specifically, Plaintiffs assert causes of action for breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), quantum meruit (Count IV) and, fraud (Count V).

2

asserting that the court lacks subject matter jurisdiction because complete diversity is lacking (ECF No. 15).

## II. LEGAL STANDARD

In questions of federal jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993), cert. denied, 510 U.S. 823 (1993)); see also Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). Since Defendants removed to this Court, the burden is on Defendants to demonstrate the existence of federal jurisdiction.

Defendants asserts that this Court has diversity jurisdiction. 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different States[.]" Diversity of citizenship "must be complete" to satisfy 28 U.S.C. § 1332. In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). "In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." Id. Finally, "removal statutes are strictly construed," Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4, (1st Cir. 1999), and "any doubts about the propriety of a removal are resolved in favor of remand." Ibanez v. U.S. Bank Nat. Ass'n, CIV.A. 11-11808-RGS, 2011 WL 5928583, at*1 (D. Mass. Nov. 29, 2011).

## III. DISCUSSION

The parties contest the citizenship of Defendants PGC1, LLC and PGC2, LLC. Both Defendants PGC1, LLC and PGC2, LLC are limited liability companies. The citizenship of a limited liability company is determined by the citizenship of all of its members. Pramco, LLC ex

rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006). The sole member of both Defendants PGC1, LLC and PGC2, LLC is TPI, LLC, also a limited liability company. The sole member of TPI, LLC is the Paul G. Coulombe Trust. The parties disagree regarding how the citizenship of a trust should be determined.

Having reviewed the parties' submissions and the support cited by the parties, the Court agrees with the decisions concluding the citizenship of trustees must be considered when determining the citizenship of a trust.[2] See Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990) ("[D]iversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all of the members[.]'"); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 203 (3d Cir. 2007) (stating that "we do not see why a trust's 'members' include only its beneficiary and not its trustee. Of course, if a trustee is a member of a trust then when Carden is applied to a trust, a court in determining its citizenship *must* consider the trustee's citizenship."). But see San Juan Basin Royalty Trust v. Burlington Res. Oil & Gas Co., L.P., 588 F. Supp. 2d 1274, 1280 (D.N.M. 2008)("When suit is brought by a trust in its own name, the Court finds that the trust takes on the citizenship of its beneficiaries."). The Court declines to adopt the approach suggested by Defendants to examine the actual workings of the trust and how it affected the facts of this case. See Emerald Investors Trust, 492 F.3d at 202-03 (stating that "the problem with this [case-by-case] rule is that it places a great and unnecessary burden on both the litigants and the courts

---

[2] In deciding this case, the Court need not, and therefore does not, determine whether the citizenship of a trust is determined by consideration of the domicile of the trustees and the beneficiaries. See Emerald Investors Trust, 492 F.3d at 205 (holding that "the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust"); Yueh-Lan Wang ex rel. Wong v. New Mighty U.S. Trust, 841 F. Supp. 2d 198, 207 (D.D.C. 2012) (declining to decide whether to adopt either a test that looks solely to the beneficiaries or to the beneficiaries and trustees because consideration of the beneficiaries' citizenship destroyed diversity of citizenship); 1963 Jackson, Inc. v. De Vos, 1:10-CV-01206-STA, 2010 WL 5093349, at *4 (W.D. Tenn. Dec. 8, 2010) (adopting the "dual trustee beneficiary rule" as set forth in Emerald Investors Trust in remanding the case); Bergeron ex rel. Ridgewood Elec. Power Trust V v. Ridgewood Elec. Power Trust V, CIV.A.07 10622 RGS, 2007 WL 1959209, at *2 (D. Mass. July 5, 2007) (citing Emerald Investors Trust and considering the citizenship of the beneficiaries as the reason for lack of diversity of citizenship). Rather, the inclusion of the trustees' citizenship is sufficient to determine this case.

themselves. . . . [T]he court would have to monitor jurisdictional discovery to the same extent that it monitors any discovery in the case, and make findings with respect to the roles of the trustee and beneficiary in the affairs of the trust, all in a case that might be dismissed, or, if removed from a state court, remanded to it."); May Dep't Stores Co. v. Fed. Ins. Co., 305 F.3d 597, 599 (7th Cir. 2002); see also Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464 n.13 (1980) (stating that, "[i]t is of first importance to have a definition that will not invite extensive threshold litigation over jurisdiction." (internal citations and punctuation omitted).)

In this case, the parties do not dispute that one of the trustees of the Paul G. Coulombe Trust is domiciled in Maine. Accordingly, the Paul G. Coulombe Trust, TPI, LLC and Defendants PGC1, LLC and PGC2, LLC are deemed to be domiciled in Maine for purposes of diversity jurisdiction. Therefore, complete diversity is lacking, and this case was improperly removed. The Motion for Remand (ECF No. 15) is GRANTED. This case is hereby REMANDED to state court.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 23rd day of September, 2014.